

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

July 29, 2013

Michelle Peterson, Esq.
Assistant Federal Public Defender
625 Indiana Avenue NW, Suite 550
Washington, D.C. 20004
E-Mail: shelli_peterson@fd.org

**FILED**

**AUG 29 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

13-CR-223

RE:   Alan Messner

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Alan Messner (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia and the Tax Division of the Department of Justice (hereinafter also collectively referred to as "Government" or "this Office"). This plea offer expires on August 1, 2013. If your client accepts the terms and conditions of this plea offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the plea offer are as follows:

1.   **Charges and Statutory Penalties**

Your client agrees to plead guilty to a one-count criminal Information, a copy of which is attached, that charges him with willfully attempting to evade and defeat the income tax due and owing by him for calendar year 2006, in violation of 26 U.S.C. § 7201 ("Tax Evasion").

Your client understands that, pursuant to 26 U.S.C. § 7201, Tax Evasion carries a maximum sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the gross gain or gross loss pursuant to 18 U.S.C. § 3571(d), a three-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely paid. In addition, pursuant to 18 U.S.C. § 3013, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client

understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

## 2. Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

As set forth therein, the parties agree that the total relevant conduct relates to your client failing to report as taxable income from the conduct related to PT (Persero) Merpati Nusantara Airlines ("Merpati") the sum of $175,000 in tax year 2006 and the sum of $109,500 in tax year 2007. The parties further agree that the relevant conduct resulted in a tax loss of at least $44,990.03 in tax year 2006 and a tax loss of at least $17,241.57 in tax year 2007, for a total tax loss of at least $62,231.60.

## 3. Additional Charges

In consideration of your client's plea to the above offense, your client and Andrea Messner, your client's wife, will not be further prosecuted criminally by this Office for:
(a) the conduct set forth in the attached Statement of the Offense;
(b) conduct related to your client's transactions with Merpati as set forth in the indictment in *United States v. Jon C. Cooper*, Case No. 12-cr-211 (JDB), filed on or about September 27, 2012, in the U.S. District Court for the District of Columbia (which indictment describes your client as "Co-Conspirator 1");
(c) conduct related to the application of your client and Andrea Messner for a home mortgage loan in or about August, 2006, from First Franklin, a division of National City Bank; and
(d) conduct related to the bankruptcy proceeding of your client and Andrea Messner, *In re Alan C. Messner and Andrea Messner*, Debtors, Case No. 07-18658, filed in or about September 2007 in the U.S. District Court for the Northern District of Illinois.

Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

After the entry of your client's plea of guilty to the offense(s) identified in paragraph (1) above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of

violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

### 4.  Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies in the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

#### A.  Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

| | |
|---|---|
| Base Offense (U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(E) (tax loss more than $30,000 but less than $80,000)) | 14 |
| Specific Offense Characteristic ((U.S.S.G. §§ 2T1.1(b)(1)) (tax loss of more than $10,000 in criminally-derived proceeds) | 2 |
| Total: | 16 |

This Office agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of this Office, through your client's allocution, adherence to every provision of this Plea Agreement, and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, this Office agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

**In accordance with the above, the applicable Guidelines Offense Level will be 13.**

### B. Criminal History Category

Based upon the information now available to this Office, including representations by the defense, your client has a criminal conviction for Driving Under the Influence in Cook County Circuit Court (Illinois) for which he was sentenced to one year of probation on or about May 28, 2009. Accordingly, your client's Criminal History Category is estimated to be I.

### C. Applicable Guidelines Range

Based upon the calculation set forth above, your client's stipulated Guidelines Range is 12 months to 18 months in Zone C of the Sentencing Guidelines (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 13, the applicable fine range is $3,000 to $30,000, pursuant to U.S.S.G. § 5E1.2(c)(3).

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5. Agreement as to Sentencing Allocution

The parties agree that neither a downward nor upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Stipulated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided *infra*.

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Stipulated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Provided that your client demonstrates acceptance of responsibility through your client's allocution, adherence to this Plea Agreement, and subsequent conduct prior to the imposition of sentence, the Office agrees to recommend a sentence within the Stipulated Guidelines Range.

The Government further agrees that in its allocution, as to any term of incarceration, the Government will request no more than the 12-month period at the low end of the Stipulated Guidelines Range.



### 6. Reservation of Allocution

Your client understands that, except as provided above, this Office reserves its full right of allocution for purposes of sentencing in this matter. This Office reserves the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning your client's background, character, and conduct. If in this Plea Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7. Court Not Bound by the Plea Agreement or the Sentencing Guidelines

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Stipulated Guidelines Range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the applicable Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### 8. Conditions of Release

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of

guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.

### 9. Waiver of Rights

Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove him guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal his conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Plea Agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### 10. Restitution

Your client agrees to make restitution to the Internal Revenue Service ("IRS") for all years in which he has filed false federal income tax returns, specifically including but not limited to tax years 2006 and 2007, regardless of the fact that he pled guilty to Tax Evasion for the 2006 calendar year. The Government has calculated the restitution for criminal purposes as $44,990.03 for tax year 2006 and $17,241.57 for tax year 2007. The total restitution is $62,231.60. Your client understands that the IRS may use the restitution order as a basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4).

Payments of restitution shall be made to the IRS at:
MPU RACS
Attn: Mail Stop 6261 (Restitution)
333 West Pershing Avenue
Kansas City, MO 64108



Your client agrees that he will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.

Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Plea Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this Plea Agreement.

### 11. Internal Revenue Service

Prior to the date of sentencing, your client agrees to file complete and accurate amended federal income tax returns with the IRS for tax years 2006 and 2007. Your client further agrees to cooperate with the IRS in resolving any issues that may arise regarding these filed returns, and to pay all taxes, interest, and penalties due and owing.

Your client understands that this agreement does not limit the IRS's rights to collect whatever taxes it concludes your client owes, including any applicable penalties and interest. Neither the existence of a restitution payment schedule nor your client's timely payment of restitution according to the schedule will preclude the IRS from administrative collection of the assessment. *See generally* 26 U.S.C. § 6331.

### 12. Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw



the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws his guilty plea.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13. **Waiver of Statute of Limitations**

The parties agree that, should the conviction following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### 14. Waiver of Appeal

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, or the manner in which it was determined, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of U.S.S.G. § 5K2.0, or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. Your client reserves the right to make a collateral attack upon his sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

### 15. Waiver of Venue

Your client knowingly and willingly waives his right, if any, to challenge his conviction or appeal the sentence based on venue.

### 16. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Plea Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Tax Division of the Department of Justice, Northern Criminal Enforcement Section. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against your client.



If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_Ronald C. Machen Jr. /JPH_
RONALD C. MACHEN JR.
United States Attorney

_Jonathan P. Hooks_
Jonathan P. Hooks
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Michelle Peterson. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 8/29/13

_____
Alan Messner
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Alan Messner, and fully discussed the provisions of the Plea Agreement with him. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 8/29/13

_____
Michelle Peterson
Attorney for the Defendant